UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                      Case No. 2:18-cr-87(2)
                                              JUDGE EDMUND A. SARGUS, JR.

MICHAEL NOAH FARMER,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Michael Noah Farmer's first Motion for Compassionate Release (ECF No. 73) and second Motion for Compassionate Release (ECF No. 76). For the reasons stated below, the Court **DENIES** both motions.

### I. Background

Mr. Farmer pled guilty to one count of conspiracy to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 846. (ECF Nos. 36, 42.) The Court sentenced him to 135 months in prison and four years of supervised release. (ECF No. 70.) Mr. Farmer is 55 years old, and his projected release date is August 27, 2025. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (accessed April 10, 2025).

Mr. Farmer filed two motions for compassionate release. (ECF Nos. 73, 76.) In both motions, Mr. Farmer argues that the COVID-19 pandemic constitutes an extraordinary and compelling circumstance justifying his release from prison because he suffers from acute sleep apnea (requiring use of a CPAP machine), prediabetes, obesity, and latent tuberculosis. (ECF No. 73, PageID 227; ECF No. 76, PageID 285–86.) He argues he is especially at risk of serious medical problems from COVID-19 due to these conditions. (ECF No. 76, PageID 286.) Mr. Farmer also

contends that his need to care for his ailing father, who is in a nursing facility, constitutes an extraordinary and compelling reason for his release. (ECF No. 73, PageID 230–31.)

After filing his two motions for compassionate release, Mr. Farmer filed a Motion to Modify Sentence. (ECF No. 77.) The Court denied that motion. (ECF No. 78.)

**II.   Legal Standard**

Section 3582(c)(1)(A), known as the compassionate release statute, allows a sentencing court to modify a term of imprisonment in certain limited circumstances. 18 U.S.C. § 3582(c)(1)(A). Motions for compassionate release can be filed by the Bureau of Prisons ("BOP") or by a defendant, once the defendant exhausts any administrative remedies or waits 30 days from the date they request relief from the BOP. *See United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

A district court may grant compassionate release "only if it finds that the defendant satisfies three requirements: (1) extraordinary and compelling reasons warrant such a reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the relevant [18 U.S.C.] § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quotations and citation omitted)); *see also* 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's relevant policy statement is encompassed under U.S.S.G. § 1B1.13, which identifies factors for determining what constitutes extraordinary and compelling circumstances for a sentence reduction. These factors include the defendant's medical circumstances, age, family circumstances, being a victim of abuse, an unusually long sentence, and similar factors. U.S.S.G. § 1B1.13(b)(1)–(5).

The Court must address all three steps to grant the motion, but if any of the requirements are lacking, the Court may deny the motion without addressing the other steps. *United States v.*

*Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The compassionate release decision is left to the discretion of the district court. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

### III. Analysis

The primary basis for Mr. Farmer's motions for compassionate release is the health risks he faces in prison due to the COVID-19 pandemic. Mr. Farmer identifies several conditions that he claims place him at an elevated risk of serious medical complications from contracting the COVID-19 virus. But his health risks are insufficient to meet the extraordinary and compelling circumstances standard.

The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). "[W]ith 'vaccinations widely available to federal prisoners,' . . . claims about the dangers of COVID-19" "cannot serve as a basis for relief." *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. Dec. 22, 2022) (en banc) (cleaned up) (quoting *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)).

Because the COVID-19 vaccination is available to Mr. Farmer, he "largely faces the same risk from COVID-19 as those who are not incarcerated." *Lemons*, 15 F.4th at 751. Additionally, the medical circumstance factors identified under § 1B1.13(b)(1) of the Sentencing Guidelines are not present. Mr. Farmer has not shown that he has a "serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of

a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). He does not demonstrate that he lacks the care he needs. *See* U.S.S.G. § 1B1.13(b)(1)(C). And he has not shown that he faces "an ongoing outbreak of infectious disease," or that the risks that he might face from a potential outbreak of COVID-19 due to his health status "cannot be adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D)(iii). Accordingly, he has not met his burden to show that his medical conditions constitute an extraordinary and compelling circumstance for release.

Furthermore, Mr. Farmer's need to care for his ailing father does not constitute an extraordinary and compelling circumstance. Mr. Farmer suggests that he would care for his father at home after moving him out of a nursing facility. (ECF No. 73, PageID 231.) But this Court has held that having aging or sick parents generally is not an extraordinary circumstance, as many prisoners face this difficulty. *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). The deteriorating health of a loved one is no doubt a serious matter, but Mr. Farmer has not met the heavy burden to show that release is justified on these grounds. *See United States v. Hunter*, No. 3:19-cr-182, 2021 WL 4942168, at *3 (S.D. Ohio Oct. 22, 2021) (Newman, J.) (holding that release was unwarranted because defendant failed to meet the "heavy burden" to show that his parent was incapacitated and that defendant was the "only able, and best-suited, caretaker for [defendant's] children," who were in his mother's care); U.S.S.G. § 1B1.13(b)(3) (defining as an extraordinary and compelling circumstance "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent").

Mr. Farmer has not demonstrated an extraordinary and compelling circumstance for his compassionate release, so the Court need not consider the 18 U.S.C. § 3553(a) factors. *See Elias*, 984 F.3d at 519.

**IV.     Conclusion**

For the reasons stated in this Opinion and Order, the Court **DENIES** Mr. Farmer's Motion for Compassionate Release (ECF No. 73) and **DENIES** Mr. Farmer's Motion for Compassionate Release (ECF No. 76).

**IT IS SO ORDERED.**

<u>**4/29/2025**</u>                                                              <u>s/Edmund A. Sargus, Jr.          </u>
**DATE**                                                                            **EDMUND A. SARGUS, JR.**
                                                                                           **UNITED STATES DISTRICT JUDGE**